UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **TERRY P. HYSER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 3:06-CV-381 AS** |
| | ) | |
| **JOHN VANNATTA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION AND ORDER**

Terry P. Hyser, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 60 day loss of good time in case MCF 06-04-0041 on April 12, 2006 by the Disciplinary Hearing Board ("DHB") at the Miami Correctional Facility. Mr. Hyser was found guilty of filing a frivolous, groundless, or unreasonable claim in state court in violation of B-243. He raises five grounds in this challenge.

In his first argument, Mr. Hyser asserts that he had inadequate access to the law library and inadequate assistance from the law library staff. In his fourth argument, he also asserts that the law library denied him copies and postage. The Fourteenth Amendment's due process clause provides state prisoners a liberty interest in good time credits, and they cannot be deprived of good time credits without due process. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Because the loss of good time credits increases the duration of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good

time credits or demoted in good time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990). The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner,* 515 U.S. 472, 487 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998). If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, the plaintiff must use a 42 U.S.C. § 1983 action  *Glaus v. Anderson*, 408 F.3d 382, 385 (7th Cir. 2005)

Mr. Hyser is merely challenging the inadequacy of his access to and assistance from the law library. As Mr. Hyser acknowledges when he states that he filed a 42 U.S.C. § 1983 claim for these inadequacies, the appropriate avenue to challenge these deficiencies is through a § 1983 action, not a petition for writ of habeas corpus.

Mr. Hyser's second and fifth arguments allege that the Miami County judge who dismissed his frivolous state law claim violated the Constitution by vindictively prosecuting the case with the Attorney General and by not dismissing it sooner. The correct means for challenging a state court ruling is by appealing

the decision to the state's appellate court. This habeas corpus action is not the proper mechanism to challenge a state court ruling in an unrelated civil matter.

Finally, Mr. Hyser asserts that he was not allowed to get witness statements from the Miami County judge and the Attorney General for use in his DHB hearing. Though *Wolff* requires that Mr. Hyser be permitted to submit evidence in his defense, irrelevant, repetitive, or unnecessary evidence need not be considered. *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Here, statements from the judge and the Attorney General would be irrelevant. The judge had already made a determination based upon the merits of the case. Mr. Hyser cannot attempt to appeal the judge's decision by having the DHB review whether the judge was correct in determining his case lacked merit.

Mr. Hyser also asserts that no witnesses were called. However, the attachments to Mr. Hyser's petition reveal otherwise. Mr. Hyser requested statements from the library personnel. The statements were collected and presented to the DHB for use at the hearing. Therefore, Mr. Hyser was afforded his due process at the DHB hearing.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, the court **DISMISSES** the habeas corpus petition and **DISCHARGES** the respondent from any obligation to respond to this court's order to show cause.

**IT IS SO ORDERED.**

**ENTERED: November 22, 2006**

**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**